IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00416-TUC-CKJ (DTF) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Omar Maytorena-Lara, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Suppress Statements. (Docs. 17, 18.) The government responded in opposition and filed a supplement to its opposition. (Docs. 36, 47.) This matter came before the Court for a hearing and a report and recommendation as a result of a referral, pursuant to LRCrim 5.1. Defendant's motion was set for evidentiary hearing on December 10, 2014. Defendant was present and represented by counsel. This matter was submitted following oral argument at the conclusion of the hearing and taken under advisement. After the hearing Defendant filed a supplemental memorandum. (Doc. 51.)

In the motion, Defendant did not specify which statements he sought to suppress. At the hearing, counsel clarified that he was seeking to have all statements suppressed that were made at the time of arrest except Defendant's name and date of birth. The Magistrate Judge recommends that the District Court, after its independent review, grant the motion to suppress as articulated at the hearing.

# I.

# **FACTUAL FINDINGS**

These facts are from the evidentiary hearing and an affidavit of Border Patrol Agent Frank Moran. (Doc. 47, Ex. 1.) On February 4, 2014, Agent Frank Moran was on field duty with a partner east of Nogales, Arizona. Agent Moran testified that when working the field his responsibility was to catch illegal aliens, and other duties such as finding narcotics. That day, he received information that a helicopter pilot had a visual on two people carrying heavy backpacks, approximately one-half mile from the international border with Mexico. The helicopter maintained a spotlight on the two individuals and the pilot witnessed the individuals remove and hide the bundles they were carrying. Packs containing marijuana were later found by other agents.

Within five to ten minutes of being contacted, Agent Moran intercepted the individuals approximately 100 yards from the border. Agent Moran identified himself to the individuals, one of whom was Defendant Maytorena-Lara, and they gave up and complied by sitting down. He took them into custody on belief that they were smuggling marijuana. After taking Defendant into custody, he asked him several questions including his name, date of birth, country of birth, his parents' names, and whether he had documents to be in this country legally.

Agent Moran testified that he apprehended Defendant for being in the country illegally and for carrying marijuana, although he did not yet have confirmation on what was in the bundles. He stated that "our first was concern was if he was illegal, and then next would be the, if it was, marijuana." Defendant has been indicted for illegal reentry , pursuant to 8 U.S.C. § 1326. (Doc. 5.)

## II.

## **DISCUSSION**

Defendant contends that his statements in response to questioning by Agent Moran should be suppressed, with the exception of his name and date of birth, because they were taken in violation of *Miranda*.[1] The government argues that the entirety of his statements should be admissible because they were given in response to questions seeking strictly biographical information.

In *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966), the Supreme Court held that in-custody interrogations must be preceded by an advisement and voluntary waiver of the suspect's rights. *Miranda* rights are required when (1) the suspect is in custody; and (2) the suspect is interrogated by law enforcement. *See United States v. Bassignani*, 575 F.3d 879, 883 (9th Cir. 2009). There is no dispute in this case that Defendant was in custody before Agent Moran asked him any questions and Agent Moran did not give Defendant a *Miranda* warning.

The government argues, however, that *Miranda* warnings were not required because the questions asked by Agent Moran did not amount to interrogation. The Supreme Court clarified the meaning of "interrogation" for purposes of *Miranda* as "words or actions on the part of the police . . . that the police should know are reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 300-01 (1980). The government argues that biographical questions are not reasonably likely to elicit incriminating information. It's true that "[o]rdinarily, routine gathering of background biographical data will not constitute interrogation" or implicate *Miranda*. *United States v. Booth*, 669 F.2d 1231, 1238 (9th Cir. 1981). However, "[t]he relationship

---

[1] In the motion, Defendant also argues his statements were involuntary, due to his health and other factors. There was no evidence presented at the hearing to substantiate these allegations, nor did defense counsel make any argument regarding voluntariness at the hearing. The hearing evidence did not demonstrate that any coercion or inducement led to Defendant's statements, therefore, the Court finds the statements were voluntary. *See United States v. Coutchavlis*, 260 F.3d 1149, 1158 (9th Cir. 2001) (citing *Haynes v. Washington*, 373 U.S. 503, 513-14 (1963)).

- 3 -

of the question asked to the crime suspected is highly relevant." *United States v. Mata-Abundiz*, 717 F.2d 1277, 1280 (9th Cir. 1983).

The government's argument hinges on its assertion that Defendant was arrested for drug trafficking under 21 U.S.C. § 841 and there was no reason for Agent Moran to believe he had illegally crossed the border. Agent Moran's testimony contradicts that premise. Even probable cause for the arrest was based on drug smuggling, the agent testified that his top concern when apprehending Defendant was whether he was in the country illegally. Because the legality of Defendant's status in the country was a primary focus of the arresting officer, questions about his place of birth and immigration status were reasonably likely to illicit an incriminating response. *Compare Mata-Abundiz*, 717 F.2d at 1280 (finding "background questions" about citizenship status were interrogation because they related directly to an element of the crime suspected, possession of a firearm by an illegal alien) *with United States v. Salgado*, 292 F.3d 1169, (9th Cir. 2002) (holding it was not interrogation for a federal agent to ask questions regarding a person's immigration status for purposes of later deportation when they were in custody on state charges unrelated to that status). Therefore, all of the questions asked of Defendant besides his name and date of birth amounted to custodial interrogation in violation of *Miranda*. Therefore, those statements must be suppressed and the government is precluded from using them.

### III.
### CONCLUSION AND RECOMMENDATION

The Court concludes that the statements Defendant seeks to suppress are properly classified as custodial interrogation. These statements (all questions other than name and date of birth) were taken in violation of *Miranda* and should be suppressed.

It is recommended that, after its independent review of the record, the District Court grant Defendant's Motion to Suppress. (Doc. 17.) Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. A party may

respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 15th day of December, 2014.

D. Thomas Ferraro
United States Magistrate Judge